## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| SIPCO, LLC, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **Civil Action No. 6:10cv249-LED-JDL** |
| | § | |
| CONTROL4 CORP et al., | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Siemens Industry, Inc.'s ("SII") Motion to Dismiss, or Alternatively, To Transfer (Doc. No. 55, "MOTION"). The matter is fully briefed (Doc. Nos. 61 "OPP.;" 66 "REPLY;" 77 "SURREPLY"). Plaintiff SIPCO, LLC ("SIPCO") also filed a Supplemental Notice In Opposition To Defendant Siemens Industry, Inc.'s Motion to Dismiss, Or Alternatively, To Transfer (Doc. No. 114, "SUPP. OPP.") to which SII filed a response (Doc. No. 116, "SUPP. REPLY"). Also before the Court is a Notice Of Joinder by Control4 Corporation ("Control4"), Digi International Inc. ("Digi"), Schneider Electric Buildings Americas, Inc. and Schneider Electric USA, Inc. ("Schneider") in SII's Motion To Transfer (Doc. No. 62, "JOINDER"). That matter is also fully briefed (Doc. Nos. 72 "JOINDER OPP.;" 83 "JOINDER REPLY;" 85 "JOINDER SURREPLY"). After careful consideration of the parties' arguments, the Court hereby **GRANTS** SII's motion to transfer to the Northern District of Georgia.[1]

## LEGAL STANDARD

---

[1] The Court grants SII's alternative request for relief for transfer under 28 U.S.C. § 1404(a), thus, SII's motion for dismissal under FED.R.CIV.P. 12(b)(1)-(3) is moot.

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  The goals of § 1404(a) are to prevent waste of time, energy, and money, and also to protect litigants, witnesses, and the public against unnecessary inconvenience and expense.  *Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964).  Ultimately it is within a district court's sound discretion to transfer venue pursuant to 28 U.S.C. § 1404(a), but the court must exercise its discretion in light of the particular circumstances of the case.  *Hanby v. Shell Oil Co.,* 144 F.Supp.2d 673, 676 (E.D.Tex.2001); *Mohamed v. Mazda Corp.,* 90 F.Supp.2d 757, 768 (E.D.Tex.2000).  The party seeking transfer of venue must show good cause for the transfer.  *In re Volkswagen of America, Inc.,* 545 F.3d 304, 315 (5th Cir. 2008) ("*Volkswagen I*").  To show good cause, the movant must demonstrate the proposed transferee venue is clearly more convenient.  *Id.*

The Fifth Circuit has adopted the *Gilbert* factors, *see Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1947), for determining § 1404(a) venue transfer questions.  *Id.* at 315 n.9.  When deciding whether to transfer venue, a district court balances two categories of interests: the private interests, *i.e.*, the convenience of the litigants, and the public interests in the fair and efficient administration of justice.  *Id.*  The private interest factors weighed by the court include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive."  *Id.*  The public interest factors include: "(1) the administrative difficulties flowing from court congestion, (2) the local interest in having localized interests decided at home, (3) the familiarity of the forum with the law that will govern the

case, and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *Id.* This list is not exhaustive nor is any single factor dispositive. *Id.*

Although judicial economy is not among the list of enumerated *Gilbert* factors, it is "a paramount consideration when determining whether a transfer is in the interest of justice." *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009) ("*Volkswagen II*"). "To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money. . . ." *Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960). Although co-pending patent infringement cases "may not involve precisely the same issues . . . significant overlap and a familiarity with the patents could preserve time and resources." *Volkswagen II*, 566 F.3d at 1351. Likewise, such gains may be realized where a court has become familiar with the technical subject matter by presiding over previous cases. *See, e.g., C2 Commc'ns Techs., Inc. v. PAETEC Corp.*, No. 09-314, 2009 WL 5204266, at *3 (E.D. Okla. Dec. 22, 2009) (transferring case due to transferee district's experience with prior case involving the same patent); *Telcordia Techs., Inc. v. Tellabs, Inc.*, No. 09-2089, 2009 WL 5064787, at * (D.N.J. Dec. 16, 2009) (same).

## DISCUSSION

SII and SIPCO have extensively briefed the history and applicability of a settlement agreement between SIPCO and Landis+Gyr, a one-time subsidiary of Siemens AG, parent company of SII. *See e.g.* MOTION at 1-14; Opp. at 1-10. The settlement agreement contains a forum selection clause providing the Northern District of Georgia exclusive jurisdiction over any action arising out of or relating to the agreement. *Id.* at 1. Moreover, if SII is found to be a party to the settlement agreement, it may be entitled to judgment because it would have a license to the patents-in-suit. *Id.*

3

Although the Court, as part of its 28 U.S.C. § 1404 analysis, finds that questions concerning the settlement agreement would best be resolved in Georgia, it does not rely on the settlement agreement's forum selection clause as a basis for transfer.

## I.      Transfer of SII

The first question a court must address when ruling on a motion to transfer venue under 28 U.S.C. § 1404 is whether the suit could have been originally filed in the destination venue. As to SII, there is no dispute that this case could have been filed in the Northern District of Georgia.

### A.      The Private Interest Factors

SII contends that it is based in Alpharetta, Georgia in the Northern District of Georgia. MOTION at 16; SUPP. REPLY at 3. SII also asserts that all of its relevant witnesses and documents are located in "or easily accessible" in Georgia. *Id.* SIPCO vigorously objects to SII's contentions, arguing that the "overwhelming majority" of documents and witnesses related to the allegedly infringing systems are located in Illinois, Pennsylvania and Germany.[2] SUPP. OPP. at 5-6.

Based on SII's representations, it is unclear how many documents and witnesses relevant to the accused systems are located in the Northern District of Georgia. Nevertheless, SII has provided

---

[2] SIPCO has elicited deposition testimony from SII that many technical documents regarding an accused system are located on a server in Illinois. SUPP. OPP. at 5. SII responds that "the entire concept of 'storage' and 'location' is generally irrelevant" because SII stores its relevant documents electronically. SUPP. REPLY at 6-7. In other words, electronic documents located on a server in Illinois can be accessed just as easily from Georgia, or anywhere for that matter, over the internet. However, the Federal Circuit, interpreting Fifth Circuit law, has rejected the contention that the location of physical documents "is somewhat antiquated in the era of electronic storage and transmission." *In re Genentech, Inc.*, 566 F.3d 1338, 1346 (Fed. Cir. 2009). Nevertheless, SII has provided the following deposition testimony in support of the concept that electronic information can be accessed in any number of locations, therefore, it does not follow that transfer to the location of the stored information is more convenient: "[t]his is 2010. Documents are not presently in a predominant way stored in boxes [as] pieces of paper. That's proved not beneficial to trees. Corporations the size of Siemens and Siemens Industry, Inc. have information stored electronically." SUPP. OPP. at 7. As such, this situation appears to be factually distinguishable from *In re Genentech*. To the extent that a party has admitted that most of their documents are maintained electronically, the physical location of the documents may be largely irrelevant to a transfer analysis under § 1404. Nonetheless, almost all of the other sources of evidence are located in Georgia and, more importantly, not in Texas. Thus, this factor still favors transfer to Georgia.

sworn declarations and deposition testimony under the penalty of perjury that many relevant documents and witnesses are located at SII's principal place of business in Alpharetta.

On the other hand, SIPCO does not contest that most of its own relevant physical evidence is located in Atlanta.  SIPCO is a Georgia corporation with its hub of operations in Atlanta, Georgia though it maintains one small office in McKinney, Texas.  (Doc. No. 1, ¶ 9).  Absent one witness located in Texas, all of SIPCO's witnesses are located in the Northern District of Georgia.  *See* MOTION at EX. N.  The inventors and non-party prosecuting attorneys of the patents-in-suit are also all located in the Northern District of Georgia.  *See id.*  Thus, the Northern District of Georgia has subpoena power over non-party witnesses, while the Eastern District of Texas has none.  While SIPCO maintains an office in McKinney, Texas and identifies one witness located in the Eastern District of Texas (OPP. at 16), SIPCO fails to explain the relevance of the office or the unidentified witness to this litigation.  As such, SIPCO's connections to the Eastern District of Texas appear irrelevant.

Accordingly, the private interest factors weigh in favor of transfer to the Northern District of Georgia.  Documents and witnesses relevant to this litigation are located in the Northern District of Georgia, while no meaningful documents or witnesses are located in the Eastern District of Texas.

### B.    Public Interest Factors

Both parties contend that judicial economy supports their position regarding transfer.  SII contends the Northern District of Georgia is familiar with the parties contractual history regarding the SIPCO and Landis+Gyr litigation, thus, judicial economy counsels in favor of transfer.  MOTION at 17-18.  SIPCO, on the other hand, argues that it has three pending cases involving the patents-in-suit or related patents in this district.  JOINDER SURREPLY at 2-3.  Thus, SIPCO contends that judicial

5

economy cuts against transfer. *Id.*

Crediting SII's claims that it is a party to the settlement agreement between SIPCO and Landis+Gyr, no matter how far-fetched, renders judicial economy as a factor to consider under the facts in this case. SII has made, and will make, the SIPCO and Landis+Gyr settlement agreement a part of this litigation, regardless of whether the case remains in Texas or is transferred to Georgia. As such, the Northern District of Georgia, and specifically Chief Judge Carnes,[3] is familiar with Georgia contract law, the contractual history of the settlement agreement and the suit that precipitated the settlement. While the facts of this case do not elevate the judicial efficiency achieved by transferring the case to Georgia "paramount" (*U.S. Ethernet Innovations, LLC v. Acer, Inc.*, 2010 WL 2771842, at *6 (E.D. Tex. July 13, 2010), that Court's knowledge of the settlement agreement and its history tilts in favor of transfer.

SIPCO contends that because other suits are currently pending in the Eastern District of Texas regarding the patents-in-suit, the efficiency gained by this Court's knowledge of the technology and the patents counsels against transfer. *SIPCO v. Amazon.com, Inc.* [Case No. 2:08-cv-359-DF] is pending before Chief Judge Folsom in the Texarkana division. This Court has no knowledge of that case and nothing is gained in terms of efficiency merely because the case in pending within the same judicial district as this case. SIPCO has two cases before this Court, *SIPCO v. Datamatic, Ltd., et. al.*, [Case No. 6:09-cv-00532-LED-JDL] and *SIPCO v. Energate, Inc., et. al.*, [6:10-cv-00533-LED]. However, this Court has yet to construe any of the claims asserted in those suits and all but one Defendant has settled prior to the *Markman* hearing in the *Datamatic* case. The *Energate* case is in its infancy and yet to have a scheduling conference. *See* 6:10-cv-00533-LED,

---

[3] SII has represented that the settlement agreement includes a provision that Chief Judge Julie E. Carnes has continuing jurisdiction over disputes arising out of this settlement agreement. MOTION at 8.

Doc. No. 77 (Request for Scheduling Conference filed on 02-01-2011).  As such, the Court is not familiar with the technology at issue to the extent necessary to facilitate judicial economy.  These previously filed suits do not weigh against transfer.

Also, both SIPCO and SII have strong connections in the Northern District of Georgia and very little connection to the Eastern District of Texas.  As such, the local interest factor weighs in favor of transfer.

The private and public interest factors favor transfer to the Northern District of Georgia. Accordingly, SII has shown that transfer to the Northern District of Georgia is clearly more convenient.  SII's motion to transfer be **GRANTED**.

## II.     Transfer for Control4, Digi and Schneider

Defendants Control4, Digi and Schneider contend that they sell products in the Northern District of Georgia.  Thus, the Court finds that they are subject to personal jurisdiction in that district.  JOINDER REPLY at 1-2.  Control4 is based in Salt Lake City, Utah, Digi is based in Minnetonka, Minnesota and Schneider is based in Carrollton, Texas in the Northern District of Texas.  JOINDER at 2-3.  While SIPCO has extensive connections to the Northern District of Georgia, none of the joining Defendants maintain offices, documents or witnesses in the Eastern District of Texas.  *Id.*

While Control4, Digi and Schneider are not implicated in anyway by the settlement agreement between SIPCO and Landis+Gyr, by virtue of transferring SII to the Northern District of Georgia, judicial economy counsels in favor of transferring all defendants to that district.  *See Interactive Music Tech., LLC v. Roland Corp., U.S., et. al.*, 2008 WL 245142, at *11 (E.D. Tex. Jan. 7, 2008).  Transferring only one Defendant in this matter would likely result in "competing claim

constructions on the *same terms in the same patent(s)*." *Id.* (emphasis added).   Moreover, since SIPCO chose to file suit against this group of Defendants in one action, there must be some contemplated connection among these Defendants, *e.g.* similar products.   Thus, as it relates to Control4, Digi and Schneider, this factor weighs heavily in favor of transfer.   The Court finds that Control4, Digi and Schneider should also be transferred to the Northern District of Georgia.   All other pending motions in this case should be handled by the transferee court.

**So ORDERED and SIGNED this 8th day of February, 2011.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE