IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SIPCO, LLC,<br><br>   Plaintiff,<br><br>v.<br><br>CONTROL4 CORP., DIGI INTERNATIONAL, INC., HOME AUTOMATION, INC., SCHNEIDER ELECTRIC BUILDINGS AMERICAS, INC., SCHNEIDER ELECTRIC USA, INC. and SIEMENS INDUSTRY, INC.,<br><br>   Defendants. | CIVIL ACTION NO.<br><br>1:11-cv-0612-JEC |

## O R D E R  &  O P I N I O N

This case is presently before the Court on plaintiff's Motion to Align the Parties [153], plaintiff's Motion to Transfer the Case to the Eastern District of Texas [154], the parties' Joint Motion for Entry of a Proposed Scheduling Order [166], and plaintiff's Motions for Leave to File Motions to Strike Certain Counterclaims and Affirmative Defenses [177] and [179]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that plaintiff's Motion to Align the Parties [153] should be **DENIED as moot**, plaintiff's Motion to Transfer the Case [154] should be **DENIED**, the parties' Joint Motion for Entry of a

Proposed Scheduling Order [166] should be **GRANTED**, and plaintiff's Motions for Leave [177] and [179] should be **DENIED.**

## BACKGROUND

The Court has described the facts underlying this case in detail in several previous orders. Briefly, plaintiff alleges that defendants have infringed plaintiff's patents covering certain wireless network technology. (Compl. [1] at ¶¶ 1-5.) Plaintiff originally filed this infringement action against defendants in the Eastern District of Texas. (*Id.* at ¶ 24.) In response, defendant Siemens Industry, Inc. ("Siemens") filed suit against plaintiff in this district, initiating the companion case *Siemens Ind., Inc. v. SIPCO, LLC,* Case No. 1:10-cv-2478-JEC. The Texas court subsequently transferred the present action to this district pursuant to 28 U.S.C. § 1404(a). (Order [133].)

The case is presently before the Court on plaintiff's motions (1) to align the parties so that SIPCO is the plaintiff in the companion *Siemens* case, (2) to transfer the case back to the Eastern District of Texas, and (3) for leave to file a motion to strike the inequitable conduct affirmative defense asserted by several defendants. (Pl.'s Mot. to Align the Parties [153], Mot. to Transfer [154] and Mots. for Leave [177] and [179].) In addition, the parties have filed a joint motion for entry of a proposed scheduling order to

2

govern claim construction discovery, statements and briefing.  (Joint Mot. for Scheduling Order [166].)

## DISCUSSION

## I. Dismissal Of Siemens And Alignment Of The Parties

In its recent order in the companion case, the Court agreed to sever Siemens from the present action and to consolidate all of the claims involving Siemens with the claims asserted in *Siemens v. SIPCO*.  *Siemens Ind., Inc. v. SIPCO, LLC*, Case No. 1:10-cv-2478-JEC at Docket No. 72.  In accordance with that order, plaintiff has filed an answer in *Siemens v. SIPCO* in which it asserts the patent infringement claim that it initially pursued against Siemens in this action.  *Id.* at Docket No. 74.  Accordingly, the Court **DISMISSES** Siemens as a defendant in this case.  As Siemens is no longer a party to this action, plaintiff's motion to align the parties [153] is **DENIED as moot**.  The Court will address alignment, and any other issues that deal exclusively with defendant Siemens, in *Siemens v. SIPCO*.

## II. Plaintiff's Motion To Transfer

Although this case was only recently transferred to Georgia pursuant to 28 U.S.C. § 1404(a), plaintiff has filed a motion to transfer the case back to Texas under the same statute.  (Pl.'s Mot. to Transfer [154].)  Section 1404(a) provides that:  "[f]or the

3

convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The moving party bears the burden of establishing the propriety of a transfer under § 1404(a). *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989). The burden is difficult to meet here, where the Texas court has already applied § 1404(a) and concluded that Georgia is the most convenient forum. (Order [133].)

In spite of the Texas court's prior ruling, plaintiff argues that a transfer to the Eastern District of Texas is appropriate because (1) Siemens is no longer a party to the case and (2) the Texas court has become more familiar with the patents at issue by conducting a *Markman* hearing in the related case of *SIPCO, LLC v. Datamatic, Ltd.*, No. 6:09-cv-0532-LED-JDL. (Pl.'s Br. in Supp. of Mot. to Transfer [154] at 2-3.) According to plaintiff, the Texas court's justification for transferring the case out of Texas was exclusively related to Siemens. (*Id.* at 10.) Thus, the basis for the Texas court's transfer order has "evaporate[d]" now that Siemens has been severed from the action. (*Id.* at 3.) In addition, plaintiff contends that judicial economy favors the Texas forum, as that court has been educated on the relevant technology via the *Markman* hearing in *Datamatic*. (*Id.*)

4

Neither of plaintiff's arguments is persuasive. As an initial matter, the Texas court's transfer order does not depend solely or even primarily on issues related to Siemens. (Order [133].) Rather, the Texas court concluded that all of the relevant private and public interest factors, including the convenience of witnesses and the relative availability of evidence, weighed heavily in favor of a transfer to Georgia. (*Id.* at 2, 5-8.) As for the educational opportunities provided by the hearing in *Datamatic*, the Texas court received all of the briefing for the hearing and held a teleconference concerning the *Markman* proceedings prior to issuing its transfer order. (Defs.' Resp. to Mot. to Transfer [163] at 7.) The Texas court rejected plaintiff's judicial economy argument in its subsequent order, expressly finding that the *Datamatic* litigation did not weigh in favor of conducting the litigation in Texas. (Order [133] at 6-7.)

Based on the stated rationale of the transfer order, one of the most important considerations for the Texas court was the fact that plaintiff is a Georgia corporation with its hub of operations in Atlanta and strong ties to the Northern District of Georgia, while neither plaintiff nor any of the defendants has any relevant connection to the Eastern District of Texas. (*Id.* at 5, 7.) This remains an important, and ultimately determinative, factor in this case. *See Manuel v. Convergys Corp.*, 430 F.3d 1132, 1137 (11th Cir.

2005)(discussing the relevance of the plaintiff's connections to the forum in conducting a § 1404(a) analysis).  In light of this factor weighing against transfer, and given the Texas court's prior ruling rejecting all of the arguments asserted by plaintiff in the present motion, there simply is no basis for transferring the case back to the Eastern District of Texas.  Accordingly, plaintiff's motion to transfer [154] should be **DENIED**.

### III. Plaintiff's Motions For Leave

In its motions for leave, plaintiff seeks permission to file a motion to strike the affirmative defense of inequitable conduct asserted by various defendants.[1]  (Pl.'s Mots. for Leave [177] and [179].)  The substantive motion to strike is attached to the motions for leave.  (Pl.'s Br. in Supp. of Mot. to Strike [178] and [179] at Ex. A.)  The motion to strike is based on the Federal Circuit's recent *en banc* decision in *Therasense, Inc. v. Becton, Dickinson & Co.,* 649 F.3d 1276 (Fed. Cir. 2011).  According to plaintiff, the *Therasense* decision tightened the requirements for proving inequitable conduct such that defendants' allegations in support of the defense are now insufficient as a matter of law.  (Pl.'s Br.

---

[1] In fact, plaintiff seeks leave to file two motions to strike, each of which is directed to the answer of a separate defendant. (Pl.'s Mots. for Leave [177] and [179].)  As the motions to strike are substantially the same, the Court refers to the motions in the singular and addresses them in tandem.

6

[178] at 1-2.)  Based on an analysis of *Therasense,* and the resolution of other substantive issues underlying plaintiff's motion to strike, the Court concludes that plaintiff's motions for leave [177] and [179] should be **DENIED** as futile.

### A. Motion To Strike Standard

Plaintiff's motion to strike is governed by Rule 12(f) of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 12(f). Rule 12(f) permits the Court to strike from a pleading any "insufficient defense" or otherwise "redundant, immaterial, [or] impertinent" matter. *Id.* Motions to strike generally are disfavored. *Resolution Trust Corp. v. Youngblood,* 807 F. Supp. 765, 769 (N.D. Ga. 1992)(O'Kelley, J.). They are not the proper vehicle for resolving disputed issues of fact, or for deciding "substantial questions of law." *Id.* However, a defense that clearly is insufficient as a factual and legal matter "should be stricken to eliminate the unnecessary delay and expense of litigating it." *Id.*

### B. Applicable Law

Inequitable conduct is an equitable defense to patent infringement that bars enforcement of a patent. *Therasense, Inc.,* 649 F.3d at 1285.[2]  To prevail on the defense, an accused infringer

---

[2] The issue of inequitable conduct is unique to patent law. *Exergen Corp. v. Wal-Mart Stores, Inc.,* 575 F.3d 1312, 1326 (Fed. Cir. 2009). Accordingly, Federal Circuit law is controlling. *Id.*

AO 72A
(Rev.8/82)

must show that a patent applicant made a material misrepresentation or omission with the specific intent to deceive the PTO. *Id.* at 1287. In *Therasense*, the Federal Circuit heightened the requirements for proving both the materiality and the intent prongs. *Id.* at 1290-96. Addressing materiality, the Circuit Court held that "the materiality required to establish inequitable conduct is but-for materiality." *Id.* at 1291. In other words, the accused infringer must show that the patent would not have issued if the applicant had made a full and truthful disclosure. *Id.* As to intent, the Court required clear and convincing evidence of the applicant's specific intent to deceive the PTO. *Therasense, Inc.,* 649 F.3d at 1290.

In addition to the legal standards that are applicable under *Therasense*, inequitable conduct is subject to the specificity requirements of Federal Rule 9(b). *Exergen Corp. v. Wal-Mart Stores, Inc.,* 575 F.3d 1312, 1326 (Fed. Cir. 2009). Rule 9(b) provides that: "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). As applied in this context, Rule 9(b) "requires identification of the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Exergen Corp.,* 575 F.3d at 1327.

8

**C.   Sufficiency Of The Pleadings**

The allegations in the Answer comply with the dictates of *Therasense* and the pleading requirements of Rule 9(b). In the Answer defendants assert that, during the prosecution of the patents at issue, the inventor and the prosecuting attorneys deliberately withheld material references to prior art that would have precluded one or more of the claims of the patents. (Schneider Defs.' Answer [169] at ¶¶ 61-114 and Def. Digi's Amended Answer [176] at ¶¶ 69-141.) Defendants identify the specific undisclosed prior art, and describe in detail the significance of its claims and limitations to the patents involved in this case. (*Id*.) Defendants further allege facts that, if believed, suggest a specific intent to deceive the PTO. (*Id*.) At the pleading stage, nothing more is required. *Therasense, Inc.,* 649 F.3d at 1290-91 and *Exergen Corp.,* 575 F.3d at 1328. *See also VG Innovations, Inc. v. Minsurg Corp.,* 2011 WL 1466181 at *3-4 (M.D. Fla. 2011)(finding that similar allegations "conform to the requisite pleading standard").

As indicated above, plaintiff correctly assesses in its motion to strike that *Therasense* heightened the evidentiary requirements for proving inequitable conduct. (Pl.'s Br. in Supp. of Mot. to Strike [179] at 1-2, 4.) Applying *Therasense*, plaintiff points out several problems that defendants will likely encounter in their attempt to establish the defense. (*Id.* at 5-15.) For example, plaintiff

9

questions defendants' ability to meet the clear and convincing evidence standard by showing that a specific intent to deceive the PTO is "the single most reasonable inference able to be drawn from the evidence." (*Id.* at 5-9.)  Plaintiff also suggests that its history of disclosing prior art in related patent applications is inconsistent with an "intent to deceive" the PTO. (*Id.* at 13.)

While such arguments might be persuasive on summary judgment, they do not provide a basis for granting plaintiff's motion to strike. *See The Braun Corp. v. Vantage Mobility Int'l, LLC,* 2010 WL 403749 at *5 (N.D. Ind. 2010)(the defendant is not required at the pleading stage to prove the merits of its inequitable conduct claim) and *Resolution Trust Corp.,* 807 F. Supp. at 769 (motions to strike cannot be used to test the evidentiary basis for a pleading).  At this juncture in the litigation the Court is not assessing the sufficiency of the evidence, but rather the adequacy of the allegations. *Johnson Outdoors Inc. v. Navico, Inc.,* 774 F. Supp. 2d 1191, 1198 n.7 (M.D. Ala. 2011) (refusing to "try the case on the pleadings" on a motion to strike inequitable conduct allegations). As defendants have adequately pled inequitable conduct, plaintiff's motion to strike the defense is without merit.  Accordingly, it would be futile to grant plaintiff's motions for leave.

10

## IV.  Joint Motion For Entry Of Proposed Scheduling Order

Finally, the parties have filed a joint motion for the entry of a scheduling order governing claim construction discovery, statements and briefing.  (Joint Mot. for Scheduling Order [166] at Ex. A.)  The parties have agreed to the proposed schedule, and it appears from the docket that they have attempted to conduct the litigation in accordance with it.  When they were unable to comply with certain deadlines set forth in the schedule, the parties filed a joint motion for an extension, which was granted by the Court.  (Joint Mot. for Extension of Time [216] and Order [217].)  As amended by those extensions, the Court **GRANTS as unopposed** the joint motion for entry of the proposed scheduling order [166].

### CONCLUSION

For the foregoing reasons, the Court finds that plaintiff's Motion to Align the Parties [153] should be **DENIED as moot**, plaintiff's Motion to Transfer the Case [154] should be **DENIED**, the parties' Joint Motion for Entry of a Proposed Scheduling Order [166] should be **GRANTED as unopposed**, and plaintiff's Motions for Leave to File Motions to Strike Certain Counterclaims and Affirmative Defenses [177] and [179] should be **DENIED.**

SO ORDERED, this <u>16th</u> day of FEBRUARY, 2012.


                              <u>/s/ Julie E. Carnes</u>
                              JULIE E. CARNES
                              CHIEF UNITED STATES DISTRICT JUDGE